**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janelle Elizabeth Kurtenbach,<br><br>   Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>   Defendant. | No. CV-22-01348-PHX-DLR<br><br>**ORDER** |

On June 29, 2017, Plaintiff Janelle Elizabeth Kurtenbach applied for disability insurance benefits ("DIB") under Title II and supplemental security income ("SSI") under Title XVI of the Social Security Act ("SSA"), alleging a disability onset date of May 14, 2015. (AR. 391–96.) Plaintiff's claims were denied initially and on reconsideration. (AR. 232, 247.) After an administrative hearing and a supplemental hearing, an Administrative Law Judge ("ALJ") issued an unfavorable decision on June 16, 2021, finding Plaintiff not disabled. (AR. 17–29.) The Appeals Council denied review of that decision, making the ALJ's determination the final decision of the Commissioner of the Social Security Administration. (AR. 3–6.) Plaintiff, proceeding pro se, now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). For the reasons herein, the Court affirms.

**I.     Five-Step Sequential Evaluation**

To determine whether a claimant is disabled under the SSA, an ALJ must follow a

five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ determines whether the claimant is engaging in substantial, gainful work activity. 20 C.F.R. § 404.1520(a)(4)(i). If she is, then the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If she does not, then the claimant is not disabled. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or is medically equivalent to an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, then the ALJ proceeds to step four, where the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is capable of performing her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can still perform her past work, then she is not disabled. *Id.* If she cannot perform her past work, the ALJ proceeds to the fifth and final step, at which the ALJ determines whether the claimant can perform any other work in the national economy based on her age, work experience, education, and RFC. 20 C.F.R. § 404.1520(a)(4)(v). If not, then claimant is disabled and entitled to benefits under the SSA. *Id.* The claimant bears the burden of proof at the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

**II.     Judicial Review**

The Court only reviews the issues raised by the party challenging an ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court will uphold an ALJ's decision "unless it contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance" and is such that "a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). As a general rule, if the "evidence is susceptible to more than one rational interpretation," the Court will affirm the ALJ's decision. *Id.* That said, the Court should "consider the entire record as a whole and may not affirm simply by isolating a specific

quantum of supporting evidence." *Id.*

## III. Analysis

Plaintiff raises four issues for the Court's consideration.[1] She contends that the ALJ: (1) erred in asserting that physical examinations showed normal gait, normal range of motion, and negative straight leg raising; (2) failed to provide clear and convincing reasons for rejecting Plaintiff's symptom testimony; (3) failed to provide germane reasons for rejecting three lay witnesses' statements and failed to consider a fourth lay witness' statements; and (4) failed to make an RFC determination that is supported by substantial evidence. The Court addresses each argument in turn.

### A. The ALJ's finding that Plaintiff demonstrated a normal gait, normal range of motion, and negative straight leg raising at physical examinations is supported by substantial evidence.

Plaintiff contends that the ALJ was incorrect in "indicat[ing] that [P]laintiff has been noted as showing a normal gait, [normal] range of motion, and negative straight leg raising." (Doc. 15 at 11.) Plaintiff does not expound on this argument and instead merely points to a litany of places in the record demonstrating the contrary—that is, physical examinations reflecting limitations in range of motion and/ or an antalgic gait. (*Id.*) The Court finds no error here. First, substantial evidence supports the ALJ's finding that, throughout the relevant period, Plaintiff presented a normal gait (*see e.g.*, AR. 732, 1123, 1297), a normal range of motion (*see e.g.*, AR. 600, 897, 904), and negative straight leg raising (*see e.g.*, AR. 677, 892, 1030). Second, to the extent Plaintiff's argument is that the ALJ cherry-picked evidence, the Court finds no support. In fact, the ALJ acknowledged that some physical examinations reflected limitations in motion and a slow gait. (*See* AR. 23.) A review of the ALJ's decision reveals that the ALJ properly considered the whole record and did not isolate certain pieces of evidence to support her findings. *Garrison v.*

---

[1] On June 30, 2023, Plaintiff filed a "medical update" with this Court, explaining that she presented at a hospital on May 30, 2023, with pain. (Doc. 20.) Because this information was not before the ALJ nor was presented to the Appeals Council, it is not part of the Administrative Record. Thus, the Court cannot consider it as evidence in this case. *Moller v. Astrue*, 13 F. Supp. 3d 1032, 1038 (N.D. Cal. 2012).

*Colvin*, 759 F.3d 995, 1017 n.23 (9th Cir. 2014) (noting that ALJ's may not cherry-pick from mixed results). As such, the Court affirms on this point.

### B. The ALJ provided clear and convincing reasons supported by substantial evidence for discrediting Plaintiff's symptom testimony.

An ALJ employs a two-step process in evaluating a claimant's symptom testimony. *Id.* at 1014. First, the ALJ must determine whether there is an underlying medically determinable impairment that "could reasonably be expected to produce the . . . symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation omitted). If the claimant meets this first test and absent evidence of malingering, the ALJ then "can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.*; *Garrison*, 759 F.3d at 1015. This is the most demanding standard in Social Security cases. *Garrison*, 759 F.3d at 1015. "A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the [ALJ] . . . did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991)).

Here, Plaintiff claimed that her severe back pain limited her ability to sit for significant durations, that she must lie down throughout the day, and that she is unable to sustain full time employment due to this pain. (AR. 22.) The ALJ found that although Plaintiff's medically determinable impairments could reasonably cause some of the alleged symptoms, Plaintiff's testimony regarding the intensity and limiting effects of such symptoms is inconsistent with other evidence in the record demonstrating generally mild medical findings, conservative care, improvement with treatment, and daily activities. (AR. 23–24.) These types of inconsistencies are all clear and convincing reasons for discrediting a claimant's symptom testimony. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (holding that inconsistencies between subjective complaints and objective medical evidence is a clear and convincing reason for discounting claimant's testimony); *Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007) (holding that "evidence of conservative

treatment is sufficient to discount a claimant's testimony regarding severity of an impairment"); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh consistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors.").

Moreover, the ALJ's reasons are supported by substantial evidence. As of the alleged onset date, objective medical records reveal mild deficits in Plaintiff's lumbar range of motion, but otherwise a full range of motion, intact sensation, full motor strength, and a normal gait. (*See e.g.*, AR. 775, 829, 1129, 1341). Plaintiff neither required nor was prescribed a cane or other assistive device. (AR. 776.) She also was not a candidate for surgery. (*Id.*) Rather, Plaintiff was prescribed a pain management program, which included physical therapy, pain medication, and epidural injections. (*See e.g.*, AR. 612, 623–24, 1196.) Though it does not appear physical therapy aided Plaintiff, there is substantial evidence that medication and epidural injections improved Plaintiff's pain. (*See e.g.*, AR. 612, 643, 1120, 1122.) There is also substantial evidence that Plaintiff can go grocery shopping, prepare simple meals, wash dishes, and drive short distances. (AR. 452–55.) In response, Plaintiff argues that she experienced pain when completing such tasks. (Doc. 15 at 12, 17.) Even so, it was rational for the ALJ to find that Plaintiff's daily activities undermined her claim that her impairments were so severe as to preclude her from work. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."). In sum, the Court finds the ALJ provided clear and convincing reasons supported by substantial evidence to discredit Plaintiff's symptom testimony.

### C. The ALJ committed no harmful error in evaluating lay witness statements.

Plaintiff next argues that the ALJ failed to provide germane reasons for rejecting statements made by Plaintiff's sister, friend, and godmother. (Doc. 15 at 21.) Plaintiff also

argues that the ALJ failed to consider a statement by her godmother's husband, thereby violating SSA regulations which require the ALJ to consider all nonmedical evidence. (*Id.* at 22.)

In response, Defendant argues that under revised SSA regulations, an ALJ is not required to specifically address lay witness evidence. (Doc. 18 at 10.) Prior to 2017, an ALJ had to provide germane reasons for discounting lay witness testimony. *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1224 (9th Cir. 2010). However, for claims filed on or after March 17, 2017, revised SSA regulations provide that an ALJ is "not required to articulate how [she] considered evidence from nonmedical sources . . . ." 20 C.F.R. §§ 404.1520c(d), 416.920c(d). Based on these revisions, Defendant posits that there is "no directive that ALJs must articulate reasons for how they valued nonmedical evidence" (*i.e.*, statements by lay witnesses) and thus the ALJ committed no error here.

"The Ninth Circuit has not yet addressed whether the revised regulations change the requirement for germane reasons to discount lay witness testimony." *Sharon v. Kijakazi*, No. 1:22-cv-00013-DKG, 2023 WL 246391, at *7 (D. Idaho Jan. 18, 2023) (surveying cases). And district courts within this circuit appear split on the issue. *Compare e.g.*, *Wendy J. C. v. Saul*, No. 3:19-cv-01434-AC, 2020 WL 6161402, at *12 n.9 (D. Or. Oct. 21, 2020) (noting that for claims filed on or after March 27, 2027, the ALJ is not required to provide germane reasons for rejecting lay witnesses' testimony) *with Joseph M.R. v. Comm'r of Soc. Sec. Admin.*, 3:18-cv-01779-BR, 2019 WL 4279027, at *12 (D. Or. Sept. 10, 2019) (finding that new SSA regulations did "not eliminate the need for the ALJ to articulate his consideration of lay-witness statements and his reasons for discounting those statements").

The Court need not reach the issue of whether an ALJ is required, under the new SSA regulations, to articulate her consideration of lay witness statements and provide a germane reason for discounting those statements because any error committed is harmless. "Where the ALJ gives clear and convincing reasons to reject a claimant's testimony, and where a lay witness' testimony is similar to the claimant's subjective complaints, the reasons given to reject the claimant's testimony are also germane reasons to reject the lay

witness testimony." *Caleb H. v. Saul*, No. 4:20-CV-5006-EFS, 2020 WL 7680556, at *8 (E.D. Wash. Nov. 18, 2020). Here, the four lay witness statements at issue generally repeat the same claims made by Plaintiff regarding the severity of her impairments. (AR. 464–71, 549, 551–52.) Because the ALJ had clear and convincing reasons to discredit Plaintiff's symptom testimony, it follows that the ALJ had germane reasons to discredit the statements of all four lay witnesses.

### D. The ALJ's RFC determination is supported by substantial evidence.

In assessing a claimant's RFC, an ALJ is required to "consider all of [a claimant's] medically determinable impairments . . . , including [those] that are not 'severe.'" 20 C.F.R. § 416.945(a)(2). To determine the total limiting effects of a claimant's impairment(s) and any related symptoms, the ALJ considers all of the medical and nonmedical evidence, as well as the intensity and persistence of symptoms. *Id.* §§ 416.945(e), 416.929(c). The ALJ then assesses a claimant's ability to meet the physical, mental, sensory, and other requirements of work. *Id.* § 416.945(a)(4). A court must affirm an ALJ's RFC determination "if the ALJ applied the proper legal standard and [her] decision is supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Here, the ALJ considered Plaintiff's objective medical records, treatment history, symptom testimony, daily activities, and medical source opinions. The ALJ then concluded that Plaintiff has the RFC to perform light work with the following additional limitations: Plaintiff can lift and carry 20 pounds occasionally and 10 pounds frequently; she can stand/walk for 6 hours total in an 8-hour workday; she can sit for 2 to 3 hours total in an 8-hour workday; she requires the option to stand at will while remaining productive at the workstation; she can occasionally bend, crouch, stoop, and crawl; and she cannot run or climb ladders, ropes, or scaffolds. (AR. 22.)

Plaintiff first argues that the ALJ's RFC determination is based on the "inaccurate" conclusion that Plaintiff's medical visits and conservative care led to significant

improvement.[2] (Doc. 15 at 23.) As explained earlier, though Plaintiff advocates for a more favorable reading of the evidence, the ALJ's interpretation of Plaintiff's treatment history was rational and supported by substantial evidence. As such, the Court finds no error in how the ALJ assessed Plaintiff's treatment history.

Plaintiff next argues that the ALJ's conclusion that objective medical evidence only reveals mild findings is inconsistent with the record. Plaintiff then directs the Court's attention to places in the record demonstrating that she suffered from significant degenerative changes in her spine and carpal tunnel syndrome in her wrist and hand. (Doc. 15 at 23.) Again, the ALJ rationally concluded that Plaintiff's physical examinations and medical records are inconsistent with a claim of complete disability. The ALJ acknowledged Plaintiff's severe degenerative disc disease of the cervical and lumbar spine, but reasoned that because physical examinations reveal a normal range of motion, normal gait, and intact sensory and motor control, a light RFC with postural limitations properly accounts for Plaintiff's limitations. The Court finds this conclusion rational and supported by substantial evidence. *See Kelly v. Berryhill*, CV 17-05587-JEM, 2018 WL 4519934, at *4–6 (C.D. Cal. Sept. 19, 2018) (affirming light RFC with postural limitations and noting that, despite severe degenerative disc disease, plaintiff presented with full range of motion and motor strength and improved following conservative care).

Last, Plaintiff asserts that physicians have concluded that she is "temporarily, totally disabled" and that the ALJ failed to reconcile this "temporarily, totally disabled" status with the RFC determination. (Doc. 15 at 23–24.) Again, the Court finds no error. "It is the responsibility of the ALJ, not the claimant's physician, to determine [RFC]." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). Further, "the ultimate disability determination is reserved to the Commissioner." *Drexler v. Berryhill*, No. 8:17-CV-01041, 2018 WL 4636179, at *6 (C.D. Cal. Sept. 25, 2018); 20 C.F.R. § 404.1527(d)(2) ("We are

---

[2] Plaintiff also asserts that the "consensus" among her treating physicians is that pain management and conservative care has produced little long-term relief (Doc. 15 at 23), but Plaintiff does not point to any part of the record supporting this alleged consensus. "At all times, the burden is on the claimant to establish her entitlement to disability insurance benefits." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998). As such, this argument is unpersuasive.

responsible for making the determination or decision about whether you meet the statutory definition of disability."). And where an opinion on an issue is reserved to the Commissioner, an ALJ is directed to "not give [the opinion] any special significance." 20 C.F.R. § 404.1527(d)(3). Thus, the ALJ in this case properly followed SSA standards by not affording any weight to the opinion that Plaintiff is "temporarily, totally disabled." What's more, Plaintiff does not specifically challenge how the ALJ weighed these various medical opinions. *Deluca v. Berryhill*, 721 F. App'x 608, 610 (9th Cir. Dec. 29, 2017) ("Court will only review issues which are argued specifically and distinctly.") (internal quotation marks omitted). As such, the Court need not reach whether the ALJ properly considered the remaining parts of these physicians' opinions.

In sum, Plaintiff fails to establish that the ALJ committed error in making her RFC determination. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998) ("At all times, the burden is on the claimant to establish her entitlement to disability insurance benefits."). The ALJ comported with applicable SSA regulations, and the RFC determination is supported by substantial evidence. Accordingly, the Court affirms.

**IT IS ORDERED** that the ALJ's decision is **AFFIRMED.** The Clerk is directed to enter judgment accordingly and terminate this case.

Dated this 31st day of January, 2024.

Douglas L. Rayes
United States District Judge